UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLENN ALDEN PAINTER,

    Plaintiff,

v.                                              Case No. 6:14-cv-584-Orl-36TBS

UNITED STATES OF AMERICA,

    Defendant.
_____

ORDER

This case comes before the Court on Plaintiff Glenn Alden Painter's Motion to [sic] Leave to Obtain Private Counsel (Doc. 20).  The motion is DENIED without prejudice because it does not comply with M.D. Fla. Rule 3.01(g).

Because Plaintiff is currently pro se, the Court will take this opportunity to inform him of some, but not all, of the procedural rules with which he must comply.  Pro se litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

The parties shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, see FED. R. CIV. P. 7(a), or a motion, see FED. R. CIV. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. All documents filed with the Court must include a caption; a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court must bear an original signature of Plaintiff or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing

party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.  At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion.  See FED. R. CIV. P. 7(b).  The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules.  All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested.  See Local Rule 3.01(a).  The motion and memorandum cannot exceed twenty-five (25) pages in length. See id.

Prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with the opponent in a good faith attempt to resolve the issue.  The moving party must include a certification in the motion that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested.  Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

The parties must abide by and comply with all orders of this Court.  Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by

opposing counsel.  If a party fails to respond, or to timely respond to a motion filed by the opponent, the Court may assume that the party does not oppose that motion and the relief requested therein.  If a party misses a filing deadline, that party must file a motion seeking leave of Court to file the document out of time.

Lastly, Plaintiff is reminded that, although he is proceeding pro se, he is not relieved of all of the obligations that rest upon an attorney.  There are still many requirements with which he must comply, including those imposed by the Federal Rules and the Local Rules.  The failure to comply with these requirements and obligations can have significant consequences.  For example, failure to respond to discovery requests as described in the rules may result in sanctions. See FED. R. CIV. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting the parties' duties and obligations in litigating this case.

DONE AND ORDERED at Orlando, Florida on this 25th day of August, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Plaintiff, pro se
    Counsel of Record